FILED
16 JUL 25 AM 9:22

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-17555-4 SEA

IN THE SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| CLAUDE BROWN, | ) |
| Plaintiff, | ) Case No. |
| vs. | ) **COMPLAINT FOR DAMAGES** |
| KING COUNTY, | ) (Jury Trial Demanded) |
| Defendant. | ) |

## INTRODUCTION

1. This is an action for damages pursuant to the Washington Law Against Discrimination (WLAD) and 42 28 U.S.C. §§ 1981 to redress unlawful employment practices by defendant King County, who, through its agents and management employees, has caused plaintiff to suffer deprivations of his civil and statutory rights as well as emotional distress.

COMPLAINT FOR DAMAGES - 1
BROWN VS. KING COUNTY

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## VENUE

2. The unlawful employment practices alleged below were committed in Seattle, Washington, within King County. Thus, the Seattle Courthouse is the appropriate forum for this matter pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Claude Brown is an African American male citizen of the United States, and is a resident of the State of Washington, residing in the city of Seattle in King County. He is a Light Rail Operator for the King County Department of Transportation Division Rail Section.

4. Defendant King County is a political subdivision of the State of Washington and which runs the King County Department of Transportation.

## ADMINISTRATIVE PROCEDURE

5. Within the statutory time period, specifically on May 24, 2016, plaintiff filed a claim, arising out of the events alleged herein, against King County pursuant to RCW 4.92.100. The claim was denied and rejected by operation of law, as more than 60 days has passed since its presentation. Thus, this suit is timely.

## STATEMENT OF FACTS

6. Plaintiff was hired by the King County Department of Transportation in November 1997 as a part-time employee.

7. In April 26, 2000, plaintiff became a full-time Transit Operator. His rate of pay was $19.51 per hour.

8. Plaintiff began working for the King County Department of Transportation Division Rail Section, in February 2009, before the light rail was opened to the public.

COMPLAINT FOR DAMAGES - 2
BROWN VS. KING COUNTY

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

9. On May 1, 2009, after completing his Rail Certification, plaintiff's income was increased to $26.10 per hour.

10. On March 24, 2013, plaintiff filed a complaint with the King County Office of Civil Rights ("KCOCR") alleging racial discrimination by defendant. KCOCR offered to mediate by giving plaintiff a supervisory position. However, when plaintiff's union representative asked KCOCR for monetary compensation for plaintiff's back wages as well as his pain and suffering, KCOCR refused to consider offering any money. Plaintiff declined KCOCR's offer to mediate on that basis.

11. After plaintiff filed his complaint for racial discrimination, defendant and its employees engaged in a pattern of retaliatory behavior against plaintiff. Plaintiff was treated very differently from, and worse than, Caucasian employees who had the same or similar jobs.

12. On June 28, 2013, plaintiff was appointed to an Acting Technical Trainer position following a recruitment process initiated by the King County Department of Transportation. Plaintiff then began his Acting Technical Trainer assignment on July 2, 2013.

13. A mere 8 days later, on July 10, 2013, defendant told plaintiff that another employee would be rotated into the Acting Technical Trainer position to replace plaintiff. Kevin Gumke, a Caucasian male, replaced plaintiff in the Acting Technical Trainer position.

14. On December 3, 2013, plaintiff underwent hip replacement surgery, after which his doctor specified he was not able to work longer than three hours. Plaintiff was scheduled for an eight hour shift by manager Terry Rhoads. When Plaintiff reminded him of

COMPLAINT FOR DAMAGES - 3
BROWN VS. KING COUNTY

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

the limitations imposed by his doctor because of his disabling hip condition, Rhoads became angry and argued with him.

15. After plaintiff returned from his surgery, he began to receive multiple minor infractions from Rhoads, including not communicating with co-workers about his whereabouts, even when he was not on duty, arriving two minutes late to work when returning from a random drug test, and arriving late for a recertification class when Rhoads noticed plaintiff talking to a co-worker outside of the classroom. Plaintiff was also disciplined for leaving work because he was ill; the discipline was in violation of the sick leave policy, which plaintiff had fully complied with.

16. Plaintiff suffers from COPD and chronic mobility issues. Defendant has not permitted plaintiff to use disabled parking spaces at plaintiff's work site. Plaintiff must ascend 4 flights of stairs to report to his work station, and is forced to walk a much longer distance than he would if defendant permitted him to use a disabled parking space.

17. Plaintiff has in fact received absolutely no accommodation from defendant for his hip injuries and his chronic breathing issues, despite plaintiff's requests for accommodation.

18. During 2013, defendant denied plaintiff's application to take the supervisor exam, even though plaintiff exceeded the stated requirements. Plaintiff went to his union, who stepped in and plaintiff was granted a hearing. At the hearing, plaintiff's supervisor stated he did not know why plaintiff's application was rejected. Plaintiff's union representative was willing to testify that defendant had no reason for rejecting plaintiff's application. During this process, plaintiff was informed that his application was rejected for not including King County in the history and education section of his application. This could

COMPLAINT FOR DAMAGES - 4
BROWN VS. KING COUNTY

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

have only been a pretext for the actual motivation for defendant's actions: racial discrimination.

19. Defendant had accepted plaintiff's application in the past with no issues. Rejection of the application allowed promotion of other employees who had lower test scores than plaintiff, continuing the long-term discrimination of plaintiff on the part of the defendant.

20. On October 30, 2013, defendant gave plaintiff a notice of a serious infraction, allegedly for failing to call Link Control Center prior to departing the Beacon Hill Station. There was no basis for the issuance of an infraction; it could only have been issued because of his race, African American, and in retaliation for his complaints of discrimination. Many of plaintiff's Caucasian co-workers were given reduced infractions for other incidents, and were promoted to other positions.

21. Throughout his employment with the King County Department of Transportation Division Rail Section, plaintiff has repeatedly raised issues about and opposed practices which he believed were racially discriminatory, and in violation of state and federal anti-discrimination laws.

22. Throughout his employment with the King County Department of Transportation Division Rail Section, plaintiff has not been promoted to a supervisory position.

23. On June 24, 2014, defendant's employee David Vestal insisted that plaintiff sign paperwork before his shift began for the day. Plaintiff was in a hurry and signed and dated the paperwork without reading it. The paperwork was a "Scheduled Medical Appointment" form that plaintiff turned in on June 14, 2014 for a doctor's appointment that

COMPLAINT FOR DAMAGES - 5
BROWN VS. KING COUNTY

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

was scheduled for June 16, 2014. Plaintiff was told to check the box stating "I do not have sufficient sick leave accruals to cover this absence." Plaintiff was then required to return to his doctor to have the form signed, even though plaintiff had previously provided the form to defendant with sufficient notice.

24. Following plaintiff's shift, he was informed that Vestal required him to obtain a signature from his doctor stating he had gone to his appointment on June 16, 2014. During his doctor's appointment, plaintiff's doctor filled out paperwork for plaintiff's FMLA protections for his job. Plaintiff believes that defendant thought he forged the documents and wanted him to prove otherwise. Defendant did not make these same demands of Caucasian employees.

25. On May 24, 2016, plaintiff filed a tort claim with King County against the King County Department of Transportation, seeking redress for the discrimination, harassment, and retaliation he experienced as the result of defendant's actions.

26. Plaintiff's current rate of pay is $31.49 per hour.

## FIRST CAUSE OF ACTION

(Racial Discrimination – 42 U.S.C. § 1981)

27. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 26 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

28. At all times herein mentioned, plaintiff was an employee protected by the WLAD, specifically, against practices which constituted discrimination or discriminatory treatment based on his race—African American.

COMPLAINT FOR DAMAGES - 6
BROWN VS. KING COUNTY

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

29.    Plaintiff has been discriminated against in the terms and conditions of his employment because of his race, and has been denied those same conditions and privileges of employment otherwise afforded to his Caucasian counterparts.

30.    The reason given for defendant King County Department of Transportation's lack of disciplinary action against the manager who wrote plaintiff up is pretextual to hide a discriminatory animus.

31.    Defendant removed plaintiff from his supervisory position 8 days after his appointment to that position and replaced him with a Caucasian male for no stated reason. The only reason defendant would have done this is racial discrimination.

32.    Defendant discriminated against plaintiff by denying him promotional opportunities that were available to Caucasian employees.

33.    As a proximate result of defendant's discriminatory action against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff suffered a loss of wages, salary, medical benefits, and additional amounts of money plaintiff would have received if he had not been discriminated against and had received a promotion, plus interest.

34.    As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof at trial.

35.    As a further proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that he has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and have been injured in mind and body as follows: plaintiff sustained severe and continuing shock to his nervous system, stomach and head pain, extreme weight loss, and loss of sleep all to his damage in an amount according to proof at trial.

COMPLAINT FOR DAMAGES - 7
BROWN VS. KING COUNTY

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## SECOND CAUSE OF ACTION

(Retaliation – 42 U.S.C. § 1981)

36. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 35 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

37. Defendant engaged in unlawful employment practice in violation of 42 U.S.C. § 1981 by revoking the Acting Technical Trainer position that was given to him; by refusing to promote plaintiff; by subjecting plaintiff to extra procedural steps in seeking sick leave; and by disciplining plaintiff for acts that Caucasian employees were not disciplined for, all in retaliation for plaintiff's discrimination complaints.

38. The effect of defendant's action has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected activity of reporting racial discrimination.

39. Plaintiff has been injured by defendant's purposeful and intentional discrimination and seeks to recover damages according to proof at trial. And as a direct, foreseeable, and proximate result of the actions of defendant as described herein, plaintiff has suffered, and continues to suffer, severe emotional distress and physical injuries, all to the plaintiff's damage, in a sum to be ascertained according to proof at trial.

40. Defendant subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

COMPLAINT FOR DAMAGES - 8
BROWN VS. KING COUNTY

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## STATE CLAIMS

## THIRD CAUSE OF ACTION

(Racial Discrimination – WLAD)

41. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 40 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

42. Plaintiff is an African American male and a member of a protected class.

43. Despite doing satisfactory work during his employment with defendant, defendant treated plaintiff differently from Caucasian co-workers who also held his position.

44. Defendant substantially or wholly considered plaintiff's race in failing to address improper conduct and behavior, and revoking his new position and replacing him with a Caucasian employee, in violation of the Washington Law Against Discrimination ("WLAD").

45. Defendant substantially or wholly considered plaintiff's race in subjecting him to more severe and unnecessary discipline than that given to Caucasian employees, and by imposing extra procedural requirements on plaintiff in order to take sick leave.

46. As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

COMPLAINT FOR DAMAGES - 9
BROWN VS. KING COUNTY

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## FOURTH CAUSE OF ACTION

(Retaliation – WLAD)

47. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 46 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.

48. Plaintiff was treated differently than his Caucasian co-workers in retaliation for his previous complaints and charges of discrimination, which he reasonably believed was in violation of the WLAD.

49. Plaintiff was replaced by a Caucasian employee in a supervisory position that he held for a mere 8 days.

50. Plaintiff was subjected to severe and unnecessary discipline that Caucasian co-workers were not.

51. Plaintiff was never given a promotion.

52. As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

## PRAYER

WHEREFORE, plaintiff respectfully prays that this Court enter judgment against defendant, granting plaintiff:

A. Declaratory judgment that the acts, policies, and practices of defendant, as complained of herein, violated the rights of plaintiff as secured by federal and state laws;

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

B. General damages for emotional distress against defendant in the amount according to proof at trial;

C. Medical expenses;

D. Punitive damages under federal law against all defendants in the amount according to proof at trial;

E. Plaintiff's costs of suit, including reasonable attorney's fees; and

F. Such further relief as this Court deems appropriate.

DATED this 25th day of July, 2016.

CIVIL RIGHTS JUSTICE CENTER, PLLC

*Darryl Parker*, WSBA #30770

COMPLAINT FOR DAMAGES - 11
BROWN VS. KING COUNTY

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

**KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET
(cics)**

In accordance with LCR82 (e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4A.630.060.

**CASE NUMBER:** _____

**CASE CAPTION:** <u>Claude Brown vs. King County</u>

I certify that this case meets the case assignment criteria, described in King County LCR 82(e), for the:

   __X__ **Seattle Area**, defined as:

        All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

   _____ **Kent Area**, defined as:

        All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____      _____
Signature of Petitioner/Plaintiff                 Date

or

*[signature]*                                  July 25, 2016
Signature of Attorney for                 Date
Petitioner/Plaintiff

30770
WSBA Number

# KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT DESIGNATION
and
## CASE INFORMATION COVER SHEET

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time but also helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4A.630.060.

**ADOPTION/PARENTAGE**
- ☐ Adoption (ADP 5)
- ☐ Challenge to Acknowledgment of Parentage (PAT 5)*
- ☐ Challenge to Denial of Parentage (PAT 5)*
- ☐ Confidential Intermediary (MSC 5)
- ☐ Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- ☐ Initial Pre-Placement Report (PPR 5)
- ☐ Modification (MOD 5)*
- ☐ Modification-Support Only (MDS 5)*
- ☐ Parentage, Establish/Disestablish (PAT 5)*
- ☐ Parentage /UIFSA (PUR 5)*
- ☐ Relinquishment (REL 5)
- ☐ Relocation Objection/Modification (MOD 5)*
- ☐ Rescission of Acknowledgment of Parentage (PAT 5)*
- ☐ Rescission of Denial of Parentage (PAT 5)*
- ☐ Termination of Parent-Child Relationship (TER 5)

**APPEAL/REVIEW**
- ☐ Administrative Law Review (ALR 2)*
- ☐ DOL Implied Consent—Test Refusal –only RCW 46.20.308 (DOL 2)*

**CONTRACT/COMMERCIAL**
- ☐ Breach of Contract (COM 2)*
- ☐ Commercial Contract (COM 2)*
- ☐ Commercial Non-Contract (COL 2)*
- ☐ Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**
- ☐ Annulment/Invalidity (INV3)*
  with dependent children? Y / N; wife pregnant? Y / N
- ☐ Committed Intimate Relationship No Children (CIR 3)*
- ☐ Dissolution With Children (DIC 3)*
- ☐ Dissolution With No Children (DIN 3)*
  wife pregnant? Y / N
- ☐ Enforcement/Show Cause- Out of County (MSC 3)
- ☐ Establish Parenting Plan- includes CIR with Children (PPS 3)* ££
- ☐ Establish Support Only (PPS 3)* ££
- ☐ Legal Separation (SEP 3)*
  with dependent children? Y / N; wife pregnant? Y / N
- ☐ Mandatory Wage Assignment (MWA 3)
- ☐ Modification (MOD 3)*
- ☐ Modification - Support Only (MDS 3)*
- ☐ Nonparental Custody (CUS 3)*
- ☐ Out-of-state Custody Order Registration (OSC 3)
- ☐ Out-of-State Support Court Order Registration (FJU 3)
- ☐ Relocation Objection/Modification (MOD 3)*

**DOMESTIC PARTNERSHIPS-REGISTERED**
- ☐ Dissolution of Domestic Partnership With Children (DPC 3)'
- ☐ Dissolution of Domestic Partnership- No Children- (DPN3)*    pregnant? Y / N
- ☐ Invalidity of Domestic Partnership (INP 3)*
  with dependent children? Y / N; pregnant? Y / N
- ☐ Legal Separation of Domestic Partnership (SPD 3)*
  with dependent children? Y / N; pregnant? Y / N

**DOMESTIC VIOLENCE/ANTIHARASSMENT**
- ☐ Certificate and Order of Discharge and for Issuance of a Separate No-Contact Order pursuant to RCW 9.94A.637.
- ☐ Civil Harassment (HAR 2)
- ☐ Domestic Violence (DVP 2)
- ☐ Domestic Violence with Children (DVC 2)
- ☐ Foreign Protection Order (FPO 2)
- ☐ Sexual Assault Protection Order (SXP 2)
- ☐ Vulnerable Adult Protection (VAP 2)

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET
Please check one category that best describes this case for indexing purposes.

**JUDGMENT**
- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

**PROPERTY RIGHTS**
- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Residential Unlawful Detainer (UND 2)
- [ ] Non-Residential Unlawful Detainer (UND 2)

**OTHER COMPLAINT/PETITION**
- [ ] Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name-Sealed (CHN 5)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [X] Other Complaint/Petition(MSC 2)*
- [ ] Public Records Act (PRA 2)*
- [ ] Receivership (MSC 2)
- [ ] School District-Required Action Plan (SDR 2)
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)
- [ ] Vehicle Ownership (MSC2)*

**PROBATE/GUARDIANSHIP**
- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)
- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)
- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement (MST 4)
- [ ] Notice to Creditors – Only (NNC 4)
- [ ] Registration of Trust (TRS 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/POA (TDR 4)
- [ ] Will Only—Deceased (WLL4)

**TORT, ASBESTOS**
- [ ] Personal Injury (PIN 2)*
- [ ] Wrongful Death (WDE 2)*

**TORT, MEDICAL MALPRACTICE**
- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**
- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*
- [ ] Victims Vehicle Theft (VVT 2)*

**TORT, NON-MOTOR VEHICLE**
- [ ] Implants (PIN 2)
- [ ] Other Malpractice (MAL 2)*
- [ ] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP2)*
- [ ] Property Damage-Gang (PRG2)*
- [ ] Tort, Other (TTO 2)*

**WRIT**
- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

£ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County    * The filing party will be given an appropriate case schedule at time of filing.   ** Case schedule will be issued after hearing and findings

L/forms/cashiers/CICS rev. 2/2013

3