THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAUDE BROWN, | ) |
| | ) Case No. 2:16-CV-01340-TSZ |
| Plaintiff, | ) |
| | ) |
| vs. | ) PLAINTIFF'S FIRST AMENDED |
| | ) COMPLAINT |
| KING COUNTY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

1. This is an action for damages pursuant to the Washington Law Against Discrimination (WLAD) and 42 28 U.S.C. §§ 1981 to redress unlawful employment practices by defendant King County, who, through its agents and management employees, has caused plaintiff to suffer deprivations of his civil and statutory rights as well as emotional distress.

2. This is also an action for disability discrimination and for relief under Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*, ("ADA" and "ADAAA") to correct unlawful employment practices.

PLAINTIFF'S FIRST AMENDED COMPLAINT - 1
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

3. This is also an action for retaliation and age discrimination in violation of Title VII.

## JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. This Court has supplemental jurisdiction over the State claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

6. The employment practices alleged to be unlawful were committed within the Western District of Washington, thus the Western District of Washington is the appropriate United States District Court for this matter pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff Claude Brown is a 66-year old, African American male citizen of the United States, and is a resident of the State of Washington, residing in the city of Seattle in King County. He is a Light Rail Operator for the King County Department of Transportation Division Rail Section.

8. Defendant King County is a political subdivision of the State of Washington, which runs the King County Department of Transportation.

## ADMINISTRATIVE PROCEDURE

9. Within the statutory time period, specifically on May 24, 2016, plaintiff filed a claim, arising out of the events alleged herein, against King County pursuant to RCW 4.92.100.

PLAINTIFF'S FIRST AMENDED COMPLAINT - 2
No. 2:16-CV-01340-TSZ

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

The claim was denied and rejected by operation of law, as more than 60 days has passed since its presentation. Thus, this suit is timely.

10. Within the statutory time period, specifically on March 6, 2015, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission against defendant King County.

11. On September 28, 2016, the EEOC issued a right-to-sue letter allowing a claim to be filed in a United States District Court within 90 days.

## STATEMENT OF FACTS

12. Plaintiff was hired by the King County Department of Transportation in November 1997 as a part-time employee.

13. On April 26, 2000, plaintiff became a full-time Transit Operator. His rate of pay was $19.51 per hour.

14. Plaintiff began working for the King County Department of Transportation Division Rail Section, in February 2009, before the light rail was opened to the public.

15. On May 1, 2009, after completing his Rail Certification, plaintiff's income was increased to $26.10 per hour.

16. On March 24, 2013, plaintiff filed a complaint with the King County Office of Civil Rights ("KCOCR") alleging racial discrimination by defendant. KCOCR offered to mediate by giving plaintiff a supervisory position. However, when plaintiff's union representative asked KCOCR for monetary compensation for plaintiff's back wages as well as his pain and suffering, KCOCR refused to consider offering any money. Plaintiff declined KCOCR's offer to mediate on that basis.

PLAINTIFF'S FIRST AMENDED COMPLAINT - 3
No. 2:16-CV-01340-TSZ

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

17. After plaintiff filed his complaint for racial discrimination, defendant and its employees engaged in a pattern of retaliatory behavior against plaintiff. Plaintiff was treated very differently from, and worse than, Caucasian employees who had the same or similar jobs.

18. On June 28, 2013, plaintiff was appointed to an Acting Technical Trainer position following a recruitment process initiated by the King County Department of Transportation. Plaintiff then began his Acting Technical Trainer assignment on July 2, 2013.

19. A mere 8 days later, on July 10, 2013, defendant told plaintiff that another employee would be rotated into the Acting Technical Trainer position to replace plaintiff. Kevin Gumke, a Caucasian male, replaced plaintiff in the Acting Technical Trainer position.

20. On December 3, 2013, plaintiff underwent hip replacement surgery, after which his doctor specified he was not able to work longer than three hours. Plaintiff was scheduled for an eight hour shift by manager Terry Rhoads. When Plaintiff reminded him of the limitations imposed by his doctor because of his disabling hip condition, Rhoads became angry and argued with him.

21. After plaintiff returned from his surgery, he began to receive multiple minor infractions from Rhoads, including not communicating with co-workers about his whereabouts, even when he was not on duty, arriving two minutes late to work when returning from a random drug test, and arriving late for a recertification class when Rhoads noticed plaintiff talking to a co-worker outside of the classroom. Plaintiff was also disciplined for leaving work because he was ill; the discipline was in violation of the sick leave policy, which plaintiff had fully complied with.

22. Plaintiff suffers from Chronic Obstructive Pulmonary Disease (COPD) and chronic mobility issues as a result of hip surgery. Defendant has not permitted plaintiff to use disabled parking spaces at plaintiff's work site. He must ascend four flights of stairs to report to his work

PLAINTIFF'S FIRST AMENDED COMPLAINT - 4
No. 2:16-CV-01340-TSZ

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

station multiple times a day, and is forced to walk a much longer distance than he would if defendant permitted him to use the disabled parking space close to the entrance of the building.

23. Employee parking is located approximately 400 feet from the entrance of the building, which includes a ramp that is about 200 feet long. The building's ADA buttons to assist with opening doors rarely work. Once inside, plaintiff is forced to ascend four flights of stairs just to reach the ready room to report for work because the elevator rarely works. After plaintiff reports to work, he must descend another four flights of stairs, proceed approximately 800 feet, only to ascend four more flights of stairs to start his workday. Elevator access is limited due to the elevator regularly being out of order in the building.

24. Plaintiff has in fact received absolutely no accommodation from defendant for his hip injuries and his chronic breathing issues, despite plaintiff's requests for accommodation. Defendants are well-aware of plaintiff's medically diagnosed health issues and have detailed information on his medical history on file.

25. Plaintiff is 66-years old. Despite his years of experience at work, he has been passed up for promotions multiple times during his employment, in favor of younger, non-black employees with less experience. He has also witnessed other older employees apply for positions, only to be informed by defendant that it was looking for someone younger for the jobs.

26. During 2013, defendant denied plaintiff's application to take the supervisor exam, even though plaintiff exceeded the stated requirements. Plaintiff went to his union, who stepped in and plaintiff was granted a hearing. At the hearing, plaintiff's supervisor stated he did not know why plaintiff's application was rejected. Plaintiff's union representative was willing to testify that defendant had no reason for rejecting plaintiff's application. During this process, plaintiff was informed that his application was rejected for not including King County in the history and

PLAINTIFF'S FIRST AMENDED COMPLAINT - 5
No. 2:16-CV-01340-TSZ

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

education section of his application. This was a pretext for the actual motivation for defendant's actions: racial discrimination and retaliation.

27. Defendant had accepted plaintiff's application in the past with no issues. Rejection of the application allowed promotion of other employees who had lower test scores than plaintiff, continuing the long-term discrimination of plaintiff on the part of the defendant.

28. On October 30, 2013, defendant gave plaintiff a notice of a serious infraction, allegedly for failing to call Link Control Center prior to departing the Beacon Hill Station. There was no basis for the issuance of an infraction; it could only have been issued because of his race, African American, and in retaliation for his complaints of discrimination. Many of plaintiff's Caucasian co-workers were given reduced infractions for other incidents, and were promoted to other positions.

29. Throughout his employment with the King County Department of Transportation Division Rail Section, plaintiff has repeatedly raised issues about and opposed practices which he believed were racially discriminatory, and in violation of state and federal anti-discrimination laws.

30. Throughout his employment with the King County Department of Transportation Division Rail Section, plaintiff has not been promoted to a supervisory position.

31. On June 24, 2014, defendant's employee David Vestal insisted that plaintiff sign paperwork before his shift began for the day. Plaintiff was in a hurry and signed and dated the paperwork without reading it. The paperwork was a "Scheduled Medical Appointment" form that plaintiff turned in on June 14, 2014 for a doctor's appointment that was scheduled for June 16, 2014. Plaintiff was told to check the box stating "I do not have sufficient sick leave accruals to

PLAINTIFF'S FIRST AMENDED COMPLAINT - 6
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

cover this absence." Plaintiff was then required to return to his doctor to have the form signed, even though plaintiff had previously provided the form to defendant with sufficient notice.

32. Following plaintiff's shift, he was informed that Vestal required him to obtain a signature from his doctor stating he had gone to his appointment on June 16, 2014. During his doctor's appointment, plaintiff's doctor filled out paperwork for plaintiff's FMLA protections for his job. Plaintiff believes that defendant thought he forged the documents and wanted him to prove otherwise. Defendant did not make these same demands of Caucasian employees.

33. On May 24, 2016, plaintiff filed a tort claim with King County against the King County Department of Transportation, seeking redress for the discrimination, harassment, and retaliation he experienced as the result of defendant's actions.

34. Plaintiff's current rate of pay is $31.49 per hour.

## **FIRST CAUSE OF ACTION**

(Racial Discrimination – 42 U.S.C. § 1981)

35. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 34 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

36. At all times herein mentioned, plaintiff was an employee protected by the WLAD, specifically, against practices which constituted discrimination or discriminatory treatment based on his race—African American.

37. Plaintiff has been discriminated against in the terms and conditions of his employment because of his race, and has been denied those same conditions and privileges of employment otherwise afforded to his Caucasian counterparts.

PLAINTIFF'S FIRST AMENDED COMPLAINT - 7
No. 2:16-CV-01340-TSZ

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

38. The reason given for defendant King County Department of Transportation's lack of disciplinary action against the manager who wrote plaintiff up is pretextual to hide a discriminatory animus.

39. Defendant removed plaintiff from his supervisory position 8 days after his appointment to that position and replaced him with a Caucasian male for no stated reason. The only reason defendant would have done this is racial discrimination.

40. Defendant discriminated against plaintiff by denying him promotional opportunities that were available to Caucasian employees.

41. As a proximate result of defendant's discriminatory action against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff suffered a loss of wages, salary, medical benefits, and additional amounts of money plaintiff would have received if he had not been discriminated against and had received a promotion, plus interest.

42. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof at trial.

43. As a further proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that he has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and have been injured in mind and body as follows: plaintiff sustained severe and continuing shock to his nervous system, stomach and head pain, extreme weight loss, and loss of sleep all to his damage in an amount according to proof at trial.

//

//

//

PLAINTIFF'S FIRST AMENDED COMPLAINT - 8
No. 2:16-CV-01340-TSZ

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

**SECOND CAUSE OF ACTION**

(Retaliation – 42 U.S.C. § 1981)

44. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 43 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

45. Defendant engaged in unlawful employment practice in violation of 42 U.S.C. § 1981 by revoking the Acting Technical Trainer position that was given to him; by refusing to promote plaintiff; by subjecting plaintiff to extra procedural steps in seeking sick leave; and by disciplining plaintiff for acts that Caucasian employees were not disciplined for, all in retaliation for plaintiff's discrimination complaints.

46. The effect of defendant's action has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected activity of reporting racial discrimination.

47. Plaintiff has been injured by defendant's purposeful and intentional discrimination and seeks to recover damages according to proof at trial. And as a direct, foreseeable, and proximate result of the actions of defendant as described herein, plaintiff has suffered, and continues to suffer, severe emotional distress and physical injuries, all to the plaintiff's damage, in a sum to be ascertained according to proof at trial.

48. Defendant subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

//

//

//

PLAINTIFF'S FIRST AMENDED COMPLAINT - 9
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

## THIRD CAUSE OF ACTION

(Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(6))

49.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 48 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

50.     Plaintiff was discriminated against by defendant because he suffered from COPD and chronic mobility issues, which his employer refused to accommodate, in violation of the Americans with Disabilities Act.

51.     As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

(Violation of the ADEA)

52.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 51 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.

53.     Plaintiff was discriminated against during his employment with defendant because of his age, in violation of the Age Discrimination in Employment Act.

54.     As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has suffered a wage loss and other economic harm and he been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of

PLAINTIFF'S FIRST AMENDED COMPLAINT - 10
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

55. The above-cited actions of defendant were done with malice, fraud, and/or oppression, and in reckless disregard of plaintiff's rights under the ADEA. Defendant discriminated against plaintiff with knowledge that such treatment would cause hardship to plaintiff and would cause him to suffer emotional distress. An award of liquidated damages is warranted.

## FIFTH CAUSE OF ACTION

(Retaliation - Violation of Title VII)

56. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1 through 55 with the same force and effect as if such paragraphs were separately realleged in this Fifth Cause of Action.

57. Plaintiff was retaliated against because he had complained about employment practices that he believed violated Title VII, the Civil Rights Act of 1964 as amended.

58. As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has suffered a wage loss and other economic harm and he has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

//
//
//
//

PLAINTIFF'S FIRST AMENDED COMPLAINT - 11
No. 2:16-CV-01340-TSZ

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## STATE CLAIMS

## SIXTH CAUSE OF ACTION

(Racial Discrimination – WLAD)

59. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 58 with the same force and effect as if such paragraphs were separately realleged in this Sixth Cause of Action.

60. Plaintiff is an African American male and a member of a protected class.

61. Despite doing satisfactory work during his employment with defendant, defendant treated plaintiff differently from Caucasian co-workers who also held his position.

62. Defendant substantially or wholly considered plaintiff's race in failing to address improper conduct and behavior, and revoking his new position and replacing him with a Caucasian employee, in violation of the Washington Law Against Discrimination ("WLAD").

63. Defendant substantially or wholly considered plaintiff's race in subjecting him to more severe and unnecessary discipline than that given to Caucasian employees, and by imposing extra procedural requirements on plaintiff in order to take sick leave.

64. As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has suffered a wage loss and other economic damages and he has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

//

//

//

PLAINTIFF'S FIRST AMENDED COMPLAINT - 12
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

**SEVENTH CAUSE OF ACTION**

(Retaliation – WLAD)

65. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 64 with the same force and effect as if such paragraphs were separately realleged in this Seventh Cause of Action.

66. Plaintiff was treated differently than his Caucasian co-workers in retaliation for his previous complaints and charges of discrimination, which he reasonably believed was in violation of the WLAD.

67. Plaintiff was replaced by a Caucasian employee in a supervisory position that he held for a mere 8 days.

68. Plaintiff was subjected to severe and unnecessary discipline that Caucasian co-workers were not.

69. Plaintiff was never given a promotion.

70. As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has suffered a wage loss and other economic harm and he has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

**PRAYER**

WHEREFORE, plaintiff respectfully prays that this Court enter judgment against defendant, granting plaintiff:

A. Declaratory judgment that the acts, policies, and practices of defendant, as complained of herein, violated the rights of plaintiff as secured by federal and state laws;

PLAINTIFF'S FIRST AMENDED COMPLAINT - 13
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

B.  General damages for emotional distress against defendant in the amount according to proof at trial;

C.  Medical expenses;

D.  Punitive damages under federal law against all defendants in the amount according to proof at trial;

E.  Plaintiff's costs of suit, including reasonable attorney's fees; and

F.  Such further relief as this Court deems appropriate.

DATED this 8th day of December, 2016.

CIVIL RIGHTS JUSTICE CENTER, PLLC

*/s/ Darryl Parker*
**Darryl Parker**, WSBA #30770
Of Attorneys for Plaintiff

PLAINTIFF'S FIRST AMENDED COMPLAINT - 14
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 8, 2016, the foregoing PLAINTIFF'S FIRST AMENDED COMPLAINT and this CERTIFICATE OF SERVICE was electronically filed with the Clerk of the Court using CM/ECF system which will send notification of such to all counsel of record.

DATED this 7th day of February, 2017.

*/s/ Rachelle Stefanski*
Rachelle Stefanski, Legal Assistant

PLAINTIFF'S FIRST AMENDED COMPLAINT - 15
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183