**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDE BROWN, Plaintiff-Appellant, v. KING COUNTY, Defendant-Appellee. | No. 18-35168 D.C. No. 2:16-cv-01340-TSZ MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted November 7, 2019
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and PRESNELL,** District Judge.

Plaintiff-Appellant Claude Brown ("Brown") appeals the district court's grant of summary judgment dismissing his racial discrimination and retaliation claims under 42 U.S.C. § 1981 and the Washington Law Against Discrimination

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

("WLAD").  Brown, who is Black, alleges his employer, Defendant-Appellee King County, discriminated against him on the basis of his race and retaliated against him for filing discrimination and retaliation complaints with King County's Office of Civil Rights.[1]  We deferred submission of the case pending the Supreme Court's decision in *Comcast Corp. v. National Association of African American-Owned Media*, 140 S. Ct. 1009 (2020).  We now review *de novo* the district court's grant of summary judgment.  *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008).  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand the discrimination and retaliation claims for further proceedings.

      1.     Brown claims King County discriminated against him on the basis of his race by rejecting his applications for the Rail-Supervisor-in-Training ("RSIT") position in the 2012 and 2014 promotion cycles and by removing him from the Acting Technical Trainer ("ATT") position.[2]  Because Brown aims to show discrimination through indirect proof, the *McDonnell Douglas* burden-shifting framework applies.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973).

      To survive summary judgment, Brown must establish a *prima facie* case of

---

[1] Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal.

[2] Although Brown alleged other instances of discrimination in his complaint, on appeal he limits his discrimination claims to King County's denial of his RSIT promotions and his removal from the ATT position.

racial discrimination by showing: "(1) [he] belongs to a protected class, (2) he was performing according to his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017). For Brown's § 1981 discrimination claim, he must also show "that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast*, 140 S. Ct. at 1019. And for his WLAD discrimination claim, he must show that his race was a "substantial factor" in the adverse employment action. *Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cty.*, 404 P.3d 464, 471 (Wash. 2017).

We require "very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by the factfinder, upon a full record." *Reynaga*, 847 F.3d at 691 (quotation omitted); *see also Mikkelsen*, 404 P.3d at 473.

Brown has shown that he is a member of a protected class, that he applied and was qualified for the RSIT position and the ATT position, that he was rejected from the RSIT position repeatedly, and that he was prematurely removed from the ATT position despite performing his work satisfactorily. Brown has further

alleged: the former president of his union told him that King County would never hire a Supervisor "with braids"; Brown and several other minority employees "were informed that [they] were not qualified to test for the [2011 RSIT] position"; Brown was informed that he was "not qualified to be trained" for the 2012 RSIT position despite finishing fourth in the testing behind the top three candidates who were selected for the program; and Brown's 2014 RSIT application was denied on the ground that it was incomplete, even though he had previously submitted the same application and it had never been denied on that basis before. Several other minority rail operators submitted declarations that King County's hiring system was improperly rigged on the basis of race.

Brown has met the minimal burden required to state a *prima facie* case of discrimination under federal and state law by showing that the circumstances surrounding King County's rejection of his RSIT promotion applications and removal from the ATT position give rise to an inference of discrimination. Accordingly, we REVERSE and REMAND the discrimination claims. Because Brown has demonstrated a *prima facie* case, the burden shifts to King County to provide a legitimate, non-discriminatory reason for the adverse employment actions.

2. Brown also claims King County retaliated against him for filing discrimination and retaliation complaints with King County's Office of Civil

4

Rights.  To establish a *prima facie* case of retaliation under § 1981 and the WLAD, Brown must demonstrate that "[]he engaged in protected activity, that []he suffered a materially adverse action, and that there was a causal relationship between the two."  *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013).  For Brown's § 1981 retaliation claim, he must show that the protected activity was a "but-for" cause of the materially adverse action, *id.*, and for his WLAD retaliation claim, he must show that the protected activity was a "substantial factor" in the adverse action, *Allison v. Hous. Auth.*, 821 P.2d 34, 37 (Wash. 1991) (en banc).

    Brown engaged in protected activity when he filed his discrimination and retaliation complaints with King County.  Brown has shown that, after he filed the discrimination complaint in March 2013, King County selected him for the ATT position in late June 2013 and then removed him from the position in early July 2013.[3]  One of the two people who decided to remove Brown from the position knew at the relevant time that Brown "had raised issues of discrimination in the past," though she was "not sure" whether she knew Brown had filed a discrimination complaint.  Brown has further shown that, one year after he filed the discrimination complaint and four months after he filed the retaliation complaint,

---

[3] Brown also alleges that King County retaliated against him for filing the discrimination complaint by suspending him for a train infraction, but we AFFIRM the district court's grant of summary judgment as to that claim.

5

King County disqualified his application for the 2014 RSIT promotion as "incomplete," even though he had submitted the same application in prior years without any problems. There is a triable issue as to whether the person who rejected Brown's application knew about his discrimination complaint at the relevant time.

Brown has stated a *prima facie* case of retaliation under federal and state law by showing facts that support a plausible inference that his protected activity was a but-for cause of his removal from the ATT position and the disqualification of his 2014 RSIT application. The temporal proximity between Brown's protected activity and these adverse actions, coupled with the decisionmakers' knowledge of that activity, is sufficient to satisfy Brown's burden at the first step of the *McDonnell Douglas* framework. Accordingly, we REVERSE and REMAND Brown's retaliation claims for further proceedings.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**