UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAUDE BROWN,

        Plaintiff,

v.

KING COUNTY,

        Defendant.

C16-1340 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's Motions in Limine, docket no. 91, are GRANTED in part and DEFERRED in part, as follows:

    1. Exclude evidence and testimony relating to Plaintiff's job performance in his Acting Technical Trainer ("ATT") position – DEFERRED to the pretrial conference. Plaintiff shall file with the Court a copy of the letter dated July 17, 2013, from Gabe Ruskeyser to Amanda Nightingale, on or before **June 1, 2021**;

    2. Exclude evidence of poor job performance prior to any denials of promotions related to Rail Supervisor in Training ("RSIT") recruitments – DEFERRED to the pretrial conference;

    3. Exclude character evidence unrelated to Defendant's mindset in denying Plaintiff promotional opportunities – DEFERRED to the pretrial conference;

MINUTE ORDER - 1

4. Exclude evidence pertaining to the King County Office of Civil Rights' ("KCOCR") "No Reasonable Cause" Findings – GRANTED. As Defendant acknowledges, KCOCR's "reasonable cause finding[s] . . . we[re] made under a different standard for retaliation than the jury will use to determine liability" in this case. Def. Response to Plaf. MIL (docket no. 96 at 7). Any probative value in providing the jury with "a complete understanding of the process" is substantially outweighed by the risk that the jury will give undue weight to the KCOCR's final determination. *See* Fed. R. Evid. 403; *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999) (explaining that "[t]here is a much greater risk of unfair prejudice involved in introducing a final agency ruling as opposed to a probable cause determination, because a jury might find it difficult to evaluate independently evidence of discrimination after being informed of the investigating agency's final results"); *see also Gillum v. Safeway Inc.*, No. 2:13-CV-01047, 2015 WL 9997201, at *3 (W.D. Wash. Oct. 16, 2015) (excluding the EEOC's determination that insufficient facts exist to continue an investigation under Rule 403's balancing test).

5. Exclude testimony of certain former employees of KCOCR:

   i. Declaration of John McDonald, a former KCOCR investigator for the King County – GRANTED; and

   ii. Testimony of Kelli Williams, the former KCOCR Director – GRANTED. In light of the Court's exclusion of KCOCR's "no reasonable cause" findings, *see* ¶ 4 above, Williams's testimony about KCOCR's investigative process will not be relevant or helpful to the jury.

6. Exclude evidence that Plaintiff has filed or has been involved in other lawsuits – GRANTED. The Court also excludes evidence of other discrimination claims against King County or its agents without prior leave of Court;

7. Exclude evidence of Plaintiff's supervisors' commendations and awards – GRANTED;

8. Allow evidence of Defendant's treatment of other people of color as relevant to show motive and intent – DEFERRED to the pretrial conference. *See Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995) ("[A]n employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility toward that group is the true reason behind [taking an adverse action against] an employee who is a member of that group."); *see also Machado v. Johnson*, 191 F. App'x 531, 533 (9th Cir. 2006) (affirming district court's exclusion of testimony by other employees who were not "similarly situated" to Plaintiff, as there were no comparable violations or

timeframes, and some employees were not supervised by the same individuals as was plaintiff). Plaintiff shall file an offer of proof on or before **June 1, 2021**, identifying Plaintiff's proposed list of witnesses and the nature of his or her testimony that would be offered to show Defendant's treatment of people of color as relevant to show motive and intent, including the approximate dates on which the alleged treatment occurred;

    9. Exclude non-party witnesses from the virtual courtroom during the trial – GRANTED;

    10. Exclude discussion of tax liability or financial burden, if the Court finds in Plaintiff's favor – GRANTED; and

    11. Exclude the fact that Plaintiff has filed motions in limine – GRANTED.

(2) Defendant's Motions in Limine, docket no. 92, are GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

    1. Exclude non-party witnesses from the virtual courtroom during trial – GRANTED;

    2. Allow witness Ivette Martinez-Morales to testify out of order on June 15, 2021 – GRANTED;

    3. Require Plaintiff to lay a foundation prior to offer evidence regarding events pre-dating the statute of limitations – GRANTED. The Court will provide the jury with a limiting instruction relating to any evidence of events outside of the statute of limitations; and Plaintiff will be required to lay a foundation prior to offering any evidence regarding events outside the statute of limitations;

    4. Exclude evidence, testimony, mention, or argument concerning alleged protected activities other than those pleaded and remanded as part of Plaintiff's retaliation claims – the motion is GRANTED in part, as the Court will **exclude** any evidence, testimony, mention, or argument concerning alleged protected activities other than (i) those pleaded in the First Amended Complaint ("FAC"), docket no. 16, and (ii) which were not resolved as a matter of law by prior Court order, to the extent that such rulings were upheld by the Ninth Circuit. The motion, however, is DENIED in part, as the Court will **allow** evidence, testimony, mention, or argument concerning alleged protected activities that were pleaded in the FAC, docket no. 16, and left unresolved by prior Court order, even if such protected activities were not expressly remanded or addressed by the Ninth Circuit. *See* Memorandum Disposition, docket no. 73;

5. Exclude Plaintiff from arguing liability based on a protected characteristic other than race – GRANTED;

6. Exclude Plaintiff from testifying about his own medical conditions beyond his own sensory perceptions – GRANTED. Plaintiff will be allowed to testify about his own medical conditions that are within his own sensory perceptions; and Plaintiff, or any lay witness, will be allowed to testify about any "opinions result[ing] from a process of reasoning familiar in everyday life" with respect to Plaintiff's perceived medical or emotional state. *See* Fed. R. Evid. 701, 2000 Advisory Committee Notes; *see also Cole v. United States*, 327 F.2d 360, 361 (9th Cir. 1964); *cf.* Fed. R. Evid. 702 (opinions that rest on "scientific, technical, or other specialized knowledge" shall be deemed expert testimony and inadmissible as lay testimony);

7. Motion to exclude witnesses not disclosed:

    i. John Kwesele – DEFERRED to the pretrial conference;

    ii. Shereese Braun – DEFERRED to the pretrial conference;

    iii. Vendetta Brown – DEFERRED to the pretrial conference;

    iv. Alicia Brown – DEFERRED to the pretrial conference;

    v. Salah Abdi – DEFERRED to the pretrial conference;

    vi. Darryl Easter – GRANTED;

    vii. Shannon Shay – DEFERRED to the pretrial conference;

    viii. Sandra Dodge – DEFERRED to the pretrial conference;

    ix. Erin Clarke – DEFERRED to the pretrial conference;

    x. John Dibble – DEFERRED to the pretrial conference;

    xi. Rachel Price – DEFERRED to the pretrial conference;

    xii. Jeff Wachtel – DEFERRED to the pretrial conference;

    xiii. Al Azen – DEFERRED to the pretrial conference;

    xiv. Keith Sherry – DEFERRED to the pretrial conference;

    xv. Brian Matthews – DEFERRED to the pretrial conference; and

    xvi. David Mathews – DEFERRED to the pretrial conference.

  8. Exclude "me too" evidence regarding discrimination claims of employees who are not similarly situated, including:

    i. Testimony of Frank King – DENIED in part, to the extent that King's testimony is limited to "me too" evidence regarding race discrimination claims against Defendant, as such testimony is relevant to Defendant's motive or intent in taking adverse employment actions against Plaintiff.  *See Heyne*, 69 F.3d at 1479; *see also Machado*, 191 F. App'x at 533;

    ii. Testimony of Chris McClure – GRANTED, as Plaintiff does not intend to call McClure to testify about "me too" evidence of racial discrimination.  *See* Plaf. Response to Def. MIL (docket no. 99 at 10);

    iii. Testimony of John Kwesele – DENIED in part, to the extent that Kwesele's testimony is limited to "me too" evidence regarding race discrimination claims against Defendant's employees, as such testimony is relevant to Defendant's motive or intent in taking adverse employment actions against Plaintiff;

    iv. Testimony of Bigyan Pratap – GRANTED, as Plaintiff does not intend to call Pratap to testify about "me too" evidence of racial discrimination.  *See* Plaf. Response to Def. MIL (docket no. 99 at 10);

    v. Testimony of Karen Rispoli – DENIED in part, to the extent that Rispoli's testimony is limited to "me too" evidence regarding *race* discrimination claims against Defendant's employees, as such testimony is relevant to Defendant's motive or intent in taking adverse employment actions against Plaintiff; and

    vi. Testimony of other witnesses – GRANTED, as Plaintiff does not intend to call other witnesses to testify about "me too" evidence of racial discrimination.  *See* Plaf. Response to Def. MIL (docket no. 99 at 10).

  9. Exclude evidence, testimony, mention, or argument concerning non-relevant pseudo comparators – DENIED in part as to any evidence, testimony, mention, or argument involving alleged comparators who were interviewed for, or promoted to, the RSIT or ATT positions, including Jeff Wachtel, Rachel Price, Justin Swanson, Brian Matthews, John Kwesele, or Macio Santiago.  The motion, however, is GRANTED in part as to any evidence, testimony, mention or argument of any other alleged comparators;

10. Exclude witnesses who cannot offer relevant testimony based on personal knowledge, including:

    i. Darryl Easter – GRANTED;

    ii. Bruce Laing – DENIED in part, to the extent that Laing's testimony is limited to evidence regarding race discrimination claims against Defendant, as such testimony is relevant to Defendant's motive or intent in taking adverse employment actions against Plaintiff; and

    iii. Karen Rispoli – DENIED in part, to the extent that Rispoli's testimony is limited to evidence regarding race discrimination claims against Defendant, as such testimony is relevant to Defendant's motive or intent in taking adverse employment actions against Plaintiff.

11. Exclude evidence or argument criticizing Defendant for exercising its constitutional right to defend itself against Plaintiff's claims – GRANTED;

12. Exclude mention or argument to the jury regarding attorney's fees and costs of either party – GRANTED;

13. Exclude arguments that jurors put themselves into the shoes of Plaintiff or Defendant – GRANTED;

14. Exclude arguments for political or punitive effect – GRANTED;

15. Exclude evidence, testimony, mention, or argument concerning insurance coverage available to Defendant – GRANTED;

16. Exclude evidence, testimony, mention, or argument concerning the expenses of litigation – GRANTED;

17. Exclude any evidence or mention concerning the parties' motions for limine, the Court's rulings on such motions, and/or previous motions made by the parties in this case or any other litigation involving Plaintiff – GRANTED;

18. Allow evidence of the 2013 KCOCR mediation/reconciliation meeting – GRANTED in the part, to the extent that Defendant lays a foundation prior to offering such evidence as relevant to cut off any alleged damages to Plaintiff, *see* Fed. R. Evid. 408(b);

19. Require the parties to disclose the orders in which they plan to call witnesses, with at least one business day notice given for each witness – GRANTED; and

20. Limit duplicative testimony regarding Plaintiff's emotional distress – DEFERRED to the pretrial conference.

(3) The Court anticipates ruling on some of the deferred rulings prior to the pretrial conference. Counsel shall be prepared to address at the Pretrial Conference, scheduled for June 4, 2021, at 1:30 p.m., all motions in limine that remain deferred.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 26th day of May, 2021.

<u>William M. McCool</u>
Clerk

<u>s/Gail Glass</u>
Deputy Clerk

MINUTE ORDER - 7