UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAUDE BROWN,

        Plaintiff,

v.

KING COUNTY,

        Defendant.

C16-1340 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's Motions in Limine, docket no. 91, are GRANTED in part and DEFERRED in part, as follows:

    A. Motion No. 1: Exclude evidence and testimony relating to Plaintiff's job performance in his Acting Technical Trainer ("ATT") position – DEFERRED to trial;

    B. Motion No. 2: Exclude evidence of poor job performance prior to any denials of promotions related to Rail Supervisor in Training ("RSIT") recruitments – GRANTED in part, as "Defendant does not intend to offer evidence of Plaintiff's job performance as rationale for its hiring decisions in the 2012 and 2014 [Rail Supervisor in Training ("RSIT")] positions." Def. Response to Plaf. Motions in Limine (docket no. 96 at 2); DEFERRED to trial in part, as to the exclusion of such evidence as relevant to Plaintiff's credibility or his conclusion that his race or his protected activity was the but-for cause of, or a substantial factor in, Defendant's denials of promotions;

   C. Motion No. 3: Exclude character evidence unrelated to Defendant's mindset in denying Plaintiff promotional opportunities – GRANTED in part, as to the exclusion of any evidence of character or character traits of Defendant's employees who were the decisionmakers in this case, if offered to prove that on a particular occasion that decisionmaker acted in accordance with that character or character trait. *See* Fed. R. Evid. 404(a)(1), (b)(1); DEFERRED to trial in part, as to the introduction or exclusion of evidence of a decisionmaker's character, character traits, or other acts or wrongs, if offered to prove the decisionmaker's motive or intent with respect to race-based discrimination or hostility. *See Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995) ("[A]n employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility toward that group is the true reason behind [taking an adverse action against] an employee who is a member of that group.");

   D. Motion No. 8: Allow evidence of Defendant's treatment of other people of color as relevant to show motive and intent – GRANTED. *See id.*;

 (2) Defendant's Motions in Limine, docket no. 92, are GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

   A. Motion No. 7: Motion to exclude witnesses not disclosed:

    i. John Kwesele – DENIED;

    ii. Shereese Braun – DEFERRED to trial;

    iii. Vendetta Brown – DENIED as moot, as Plaintiff has withdrawn this witness from his witness list. *See* Joint Pretrial Statement (docket no. 105 at 5 n.2);

    iv. Alicia Brown – DENIED as moot, as Plaintiff has withdrawn this witness from his witness list. *See id.*;

    v. Salah Abdi – GRANTED;

    vi. Shannon Shay – GRANTED;

    vii. Sandra Dodge – GRANTED;

    viii. Erin Clarke – DEFERRED to trial;

    ix. John Dibble – GRANTED;

    x. Rachel Price – DEFERRED to trial;

        xi. Jeff Wachtel – DEFERRED to trial;

        xii. Al Azen – GRANTED;

        xiii. Keith Sherry – GRANTED;

        xiv. Brian Matthews – DEFERRED to trial; and

        xv. Daniel Mathews[1] – DEFERRED to trial.

    B. Motion No. 20: Limit duplicative testimony regarding Plaintiff's emotional distress – GRANTED. Plaintiff is limited to calling up to three lay witnesses who can testify regarding Plaintiff's emotional distress.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of June, 2021.

                William M. McCool
                Clerk

                s/Gail Glass
                Deputy Clerk

---

[1] In previous disclosures, Daniel Mathews was incorrectly referred to as David Mathews. *See* Appendix to Def.'s Motions in Limine (docket no. 92 at 28).