UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAUDE BROWN,

    Plaintiff,

 v.

KING COUNTY,

    Defendant.

C16-1340 TSZ

MINUTE ORDER

   The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

   (1) Having reviewed Plaintiff's objections to the Court's proposed set of jury instructions, *see* docket no. 113, the Court enters the following order:

     (a) Plaintiff's first objection to the proposed jury instructions for inclusion of the *former* Instruction No. 9 is DENIED as moot;

     (b) Plaintiff's second objection to the proposed jury instructions for exclusion of an instruction that the denial of promotional opportunities to Plaintiff and his removal from the Acting Technical Trainer ("ATT") position are adverse employment actions *as a matter of law*, is DENIED. Defendant characterizes its actions as "split[ting] the ATT position between" Plaintiff and the only other interested employee, not as a "removal." Def. Response to Plaf. Motions in Limine (docket no. 96 at 1). Genuine issues of material fact preclude Plaintiff's requested ruling and jury instruction. *See Kirby v. City of Tacoma*, 124 Wn. App. 454, 465, 98 P.3d 827 (2004) ("An actionable adverse employment action must involve a change in employment conductions that is more than an 'inconvenience or alteration of job responsibilities,'" such as "reducing an employee's workload and pay" or "a demotion or adverse transfer") (citing *DeGuiseppe v. Vill. of Bellwood*, 68 F.3d 187, 192 (7th Cir. 1995));

MINUTE ORDER - 1

        (c)     Plaintiff's third objection to the proposed jury instructions for exclusion of an instruction that Plaintiff's informal acts, e.g., oral complaints of racial discrimination to his managers, might constitute protected activity is DEFERRED to trial. The Court has ruled that it will exclude any evidence concerning alleged protected activities other than those pleaded in the First Amended Complaint ("FAC"), docket no. 16. *See* Minute Order (docket no. 101 at 3). The Court's review of the FAC does not reveal any allegations relating to informal acts that are alleged to be protected activity; and

        (d)     Plaintiff's fourth objection to the proposed jury instructions is GRANTED in part, as indicated in the Court's revised proposed Instruction No. 16D, which is attached to this Minute Order.

    (2)     The Court has also attached to this Minute Order its revised proposed verdict form;

    (3)     The Court will hold a conference during trial with regard to the proposed jury instructions and verdict form, and any objections thereto, before entering the Court's final jury instructions and verdict form; and

    (4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of June, 2021.

William M. McCool
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 2

INSTRUCTION NO. 16D

<u>Limit on Recoverable Damages</u>

The law requires a Plaintiff to bring a claim within a certain time limit. I will now instruct you concerning the effect of this time limit.

As to Plaintiff's first claim for discrimination based on race and his third claim for retaliation, both brought under WLAD, Defendant can only be held liable on these claims for conduct that occurred on or after May 26, 2013.

As to Plaintiff's second claim for discrimination based on race and his fourth claim for retaliation, both brought under § 1981, Defendant can only be held liable on these claims for conduct that occurred on or after July 25, 2012.

To the extent that you heard evidence on events occurring before these dates, it was admitted for the limited purpose to consider Defendant's employees' motive or intent relating to their conduct occurring during the permitted time period.

You may only award damages on any claim for conduct that occurred on or after May 26, 2013, for the state law claims, and on or after July 25, 2012, for the federal § 1981 claims.

[PROPOSED] COURT'S JURY INSTRUCTIONS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAUDE BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>KING COUNTY,<br><br>    Defendant. | C16-1340 TSZ<br><br>VERDICT |

We, the jury, answer the questions submitted by the Court as follows:

**Question No. 1**

Do you find for Plaintiff on his first claim for discrimination under WLAD?

**Answer**:

(1) By removing Plaintiff from the Acting Technical Trainer position in July 2013:

☐ Yes
☐ No

VERDICT - 1

    (2)    By denying Plaintiff's applications for the Rail Supervisor in Training position in the October 2012 recruitment:

☐ **Yes**

☐ **No**

    (3)    By denying Plaintiff's applications for the Rail Supervisor in Training position in the May 2014 recruitment:

☐ **Yes**

☐ **No**

Your verdict must be unanimous. You must all agree on 1, 2, 3, or all to find for Plaintiff on this claim.

**Question No. 2**

Do you find for Plaintiff on his second claim for discrimination under federal law (§ 1981)?

**Answer**:

    (1)    By removing Plaintiff from the Acting Technical Trainer position in July 2013:

☐ **Yes**

☐ **No**

VERDICT - 2

(2) By denying Plaintiff's applications for the Rail Supervisor in Training position in the October 2012 recruitment:

☐ Yes

☐ No

(3) By denying Plaintiff's applications for the Rail Supervisor in Training position in the May 2014 recruitment:

☐ Yes

☐ No

Your verdict must be unanimous.  You must all agree on 1, 2, 3, or all to find for Plaintiff on this claim.

**Question No. 3**

Do you find for Plaintiff on his third claim for retaliation under WLAD?

**Answer**:

(1) By removing Plaintiff from the Acting Technical Trainer position in July 2013:

☐ Yes

☐ No

(2) By denying Plaintiff's applications for the Rail Supervisor in Training position in the May 2014 recruitment:

☐ Yes

☐ No

VERDICT - 3

Your verdict must be unanimous.  You must all agree on 1, 2, or both to find for Plaintiff on this claim.

**Question No. 4**

Do you find for Plaintiff on his fourth claim for retaliation under federal law (§ 1981)?

**Answer**:

(3) By removing Plaintiff from the Acting Technical Trainer position in July 2013:

☐ Yes

☐ No

(4)   By denying Plaintiff's applications for the Rail Supervisor in Training position in the May 2014 recruitment:

☐ Yes

☐ No

Your verdict must be unanimous.  You must all agree on 1, 2, or both to find for Plaintiff on this claim.

*If your answer to Question Nos. 1, 2, 3, and 4 was "No," then date and sign the Verdict form.  If your answer to Question Nos. 1, 2, 3, or 4 was "Yes," then proceed to Question No. 5.*

VERDICT - 4

**Question No. 5**

What amount of damages, if any, do you award Plaintiff:

**Answer**

Economic damages        $_____

Non-economic damages    $_____

*If your answer to Question Nos. 1, 2, 3, or 4 was "Yes," and you awarded an amount of damages for Question No. 5, then date and sign the Verdict form.  If your answer to Question Nos. 1, 2, 3, or 4 was "Yes," but the jury determined that Plaintiff failed to prove actual damages caused by Defendant, then proceed to Question No. 6.*

**Question No. 6**

Amount of nominal damages (not to exceed $1.00)     $_____

DATED this ____ day of June, 2021.

_____
Presiding Juror

VERDICT - 5