THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAUDE BROWN, | ) |
| | ) Case 2:16-cv-01340-TSZ |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S EVIDENTIARY TRIAL** |
| vs. | ) **BRIEF** |
| | ) |
| KING COUNTY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## I.   INTRODUCTION

Racial discrimination claims are among the most difficult to prove. This is because a sizeable proportion of the majority white population holds extreme racist views and abhor the "browning" of our workforce, and of our country, that is happening now. Those who are not overtly racist are often reluctant to find a discriminatory explanation for conduct which an employer has denied is discriminatory. These cases are also difficult because neither employers nor their agents will ever admit that they are biased, even to the smallest degree, so in the absence of racial slurs, most jurors will not find racial animus. In the face of this reality, courts

PLAINTIFF'S EVIDENTIARY TRIAL BRIEF - 1
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

must allow plaintiffs to put on evidence that has a tendency, regardless of how slight, to show racial bias. This is particularly true when the practice plaintiff complains of has existed from the inception of light link rail revenue service in 2009.

## II. ARGUMENT

### A. Plaintiff Disclosed Most of His Witnesses in His Initial Disclosures

It is becoming increasingly commonplace that, when something is said and then repeated, people often tend to accept it as fact, especially if it is spoken with self-righteous indignation. This has been a tactic of defendant throughout this litigation. Defendant interposed objection after objection to plaintiff's witnesses, claiming that they were not disclosed during discovery. In some cases, defense counsel made the outrageous claim that it had not heard of the witness until just a few weeks prior. This tactic is troubling to plaintiff because it gives the Court the impression that plaintiff's counsel is derelict in his duties and is consistently violating Rule 26 by failing to disclose relevant evidence. Defendant's campaign of misinformation has resulted in this Court's stating that, if a witness was not disclosed, they are not testifying, which is an incomplete and thus incorrect interpretation of the Ninth Circuit's pronouncement on which courts rely for guidance. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1105- 06 (9th Cir. 2001). Not only were most of the witnesses whom defendant falsely claims were never disclosed during the pre-trial process in fact disclosed, but such occurred during initial disclosures. Plaintiff has attached these disclosures to the declaration of his counsel Darryl Parker so that this Court can proceed with accurate information before making evidentiary rulings that could result in a miscarriage of justice.

PLAINTIFF'S EVIDENTIARY TRIAL BRIEF - 2
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

B.  **This Court Should Allow Any Evidence Which Tends to Show the Feelings of King County Management toward People of Color**

Defendant has also incorrectly argued that evidence of past racial animus and examples presented by other employees that show defendant's apathy towards eliminating and/or preventing racial discrimination must be close in time to the events in controversy. This is not the law, and it ignores the very liberal interpretation of Federal Rule of Evidence 401. Evidence is relevant if it tends to prove or disprove a "fact" which is important to the dispute. Fed. R. Evid. 401. Although temporal proximity is a relevant factor to be considered, it is not a line of demarcation; the correct analysis is whether the evidence tends to show management's attitude toward particular protected groups.

Various court precedents have established, that "behavior toward or comments directed at other employees in the protected group" is one type of circumstantial evidence that can support an inference of discrimination. *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 491 (7th Cir. 2007); *see also Phelan v. Cook County*, 463 F.3d 773, 781 (7th Cir. 2006). The Supreme Court also has held that this kind of "me too" evidence can be relevant to a discrimination claim. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, S.Ct. 1140, 1147, 170 L.Ed.2d 1 (2008) (discussing evidence of discrimination by other supervisors in the context of an ADEA suit); *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1285-86 (11th Cir. 2008) (upholding admission of evidence of racial discrimination against other employees to prove an employer's intent to discriminate). The High Court has made it clear that the relevance of "me too" evidence cannot be resolved by application of a *per se* rule. *Sprint*, 128 S.Ct. at 1147. Instead, whether such evidence is relevant depends on a variety of factors, including "how closely related the

PLAINTIFF'S EVIDENTIARY TRIAL BRIEF - 3
No. 2:16-CV-01340-TSZ

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

evidence is to the plaintiff's circumstances and theory of the case." *Id*.; see *also* Fed. R. Evid. 401, 403.

It is plaintiff's theory of the case that since the start of the Sound Transit Light Rail System, King County management, namely Tom Jones, Terry Rhoads, Michael Avery and Amanda Nightingale, have created and repeatedly modified a promotional system that allows them to pre-select the employees they wish to promote, which has resulted in discrimination toward persons of color who are not considered the stereo-typical promotional candidate. Plaintiff seeks to have Balwinder Singh, who is a Rail Chief, describe that system and Frank King, Karen Rispoli and John Kwesele testify as to how management historically reacts to and generally either ignores or retaliates against employees who claim discrimination.

"Circumstantial evidence of a discriminatory atmosphere at a plaintiff's place of employment is relevant to the question of motive in considering a discrimination claim." *Sweeney v. Trustees of Keene State College*, 604 F.2d 106, 113 (1st Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980). "While evidence of a discriminatory atmosphere may not be conclusive proof of discrimination against an individual plaintiff, such evidence does tend to add "color" to the employer's decision-making processes and to the influences behind the actions taken with respect to the individual plaintiff. *Id*.

There is substantial precedent—including recent precedent from this and other Circuits—recognizing that evidence of an employer's treatment of other employees of the same protected class as the plaintiff may allow a jury to infer discrimination; and it is error to exclude this evidence. It is admissible in federal actions, under Rule 404(b), on the question of whether the employer acted with the prohibited discriminatory or retaliatory intent in its actions toward the plaintiff, particularly when the actor is the same individual. *See Demers v. Adams Homes of*

PLAINTIFF'S EVIDENTIARY TRIAL BRIEF - 4
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

*Northwest Florida, Inc.*, 321 Fed. Appx. 847, 854 (11th Cir. 2009); *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1286 (11th Cir. 2008); *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 520-25 (3d Cir. 2003); *Nichols v. Azteca Restaurant Enterprises, Inc.*, 256 F.3d 864, 875-76 (9th Cir. 2001); *Cummings v. Std. Register Co.*, 265 F.3d 56, 63 (1st Cir. 2001); *Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995); *Spulak v. KMart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990); *Brown v. Trs. of Boston Univ.*, 891 F.2d 337, 349-50 (1st Cir. 1989); *Phillips v. Smalley Maint. Servs., Inc.*, 711 F.2d 1524, 1532 (11th Cir. 1983); *Elion v. Jackson*, 544 F.Supp.2d 1, 8-9 (D.D.C. 2008); *L'Etoile v. New England Finish Systems, Inc.*, 575 F.Supp.2d 331, 335 (D.N.H. 2008); *Zubulake v. UBS Warburg LLC*, 382 F.Supp.2d 536, 544 (S.D.N.Y. 2005). This is true whether the evidence concerns acts that occurred prior or subsequent to the events of which the plaintiff complains. *See Ansell*, 347 F.3d at 523-24; *Brown*, 891 F.2d at 350; *Elion*, 544 F. Supp. 2d at 8-10; *L'Etoile*, 575 F. Supp. 2d at 335; *see also Tomczyk v. Rollins*, 1:00-cv-3417-WSD, 2009 WL 1044868, at *4 (N.D. Ga. Apr. 20, 2009) (Duffey, J.) ("Evidence of other acts is allowed whether the acts occurred before or after the act at issue so long as it is: (1) relevant to an issue other than the defendant's character; (2) established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value must not be substantially outweighed by its undue prejudice and the evidence meets the other requirements of Rule 403") (*citing United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995)). As the High Court has noted, the admissibility of such evidence "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388, 128 S. Ct. 1140, 1147 (2008).

PLAINTIFF'S EVIDENTIARY TRIAL BRIEF - 5
No. 2:16-CV-01340-TSZ

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

**C.   Documents Produced in Discovery Are Considered Authentic under FRE 910 and Are Admissible as Both Admissions and Business Records Without a Sponsoring Witness.**

Defendant has refused to concede the admissibility of several documents that it produced in discovery and of which there is no real argument that those document are not what they purport to be. These exhibits, which consist mostly of emails, are admissible as admissions. Plaintiff also contends that documents maintained by King County in the regular course of business and Bates-stamped by the County are business records admissible under FRE 803(6) and are self-authenticating under Fed. R. Evid. 901 and 902(8).

### III.   CONCLUSION

For all of the foregoing reasons, plaintiff asks this Court to consider the evidence regarding King County's historical discrimination.

DATED this 10th day of June, 2021.

                CIVIL RIGHTS JUSTICE CENTER, PLLC

                */s/ Darryl Parker*
                **Darryl Parker**, WSBA #30770
                Attorney for Plaintiff

PLAINTIFF'S EVIDENTIARY TRIAL BRIEF - 6
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

**CERTIFICATE OF SERVICE**

I, Krithi Basu, under penalty of perjury under the laws of the State of Washington, declare as follows:

I am a legal assistant at the Civil Rights Justice Center, PLLC, and am over the age of 18. On the date and in the manner indicated below, I caused the foregoing PLAINTIFF'S EVIDENTIARY TRIAL BRIEF and this CERTIFICATE OF SERVICE to be electronically filed with the Clerk of the Court using CM/ECF system which will send notification of the filing to all counsel of record.

DATED this 10th day of June, 2021, at Seattle, Washington.

                                                 */s/ Krithi Basu*
                                                **Krithi Basu,** Legal Assistant

PLAINTIFF'S EVIDENTIARY TRIAL BRIEF - 7
No. 2:16-CV-01340-TSZ

**Civil Rights Justice Center PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183