UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAUDE BROWN,

                Plaintiff,

   v.

KING COUNTY,

                Defendant.

C16-1340 TSZ

COURT'S JURY
INSTRUCTIONS

Dated this 22nd day of June, 2021.

Thomas S. Zilly
United States District Judge

1    INSTRUCTION NO. 1

2    <u>Duty of Jury</u>

3

4        Members of the Jury:  Now that you have heard all the evidence, it is my duty to

5    instruct you on the law that applies to this case.  These instructions will be in three parts:

6    first, the instructions on general rules that define and control the jury's duties; second, the

7    instructions that state the rules of law you must apply, i.e., what plaintiff must prove to

8    make the case; and third, some rules for your deliberations.

9        It is your duty to find the facts from all the evidence in the case.  To those facts

10   you must apply the law as I give it to you.  You must follow the law as I give it to you

11   whether you agree with it or not.  And you must not be influenced by any personal likes

12   or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case

13   solely on the evidence before you and according to the law.  You will recall that you took

14   an oath promising to do so at the beginning of the case.

15       In following my instructions, you must follow all of them and not single out some

16   and ignore others; they are all equally important.  And you must not read into these

17   instructions or anything I might have said or done any suggestion as to what verdict you

18   should return.  That is a matter entirely for you to decide.

19

20

21

22

23

INSTRUCTION NO. 2

<u>Conscious and Unconscious Bias</u>

It is important that you discharge your duties without discrimination, meaning that bias regarding race, color, religious beliefs, national origin, sexual orientation, gender, or any disability of a party, a witness, or a lawyer should play no part in the exercise of your judgment throughout the trial. These are called "conscious biases."

However, there is another more subtle tendency at work that we must all be aware of. This part of human nature is understandable but must play no role in your service as jurors. In our daily lives, there are many issues that require us to make quick decisions and then move on. In making these daily decisions, we may well rely upon generalities, even what might be called biases or prejudices. That might be appropriate as a coping mechanism in our busy daily lives but bias and prejudice can play no part in any decisions you might make as a juror. Your decisions as jurors must be based solely upon an open-minded, fair consideration of the evidence that comes before you during trial.

INSTRUCTION NO. 3

<u>Burden of Proof</u>


When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 4

Evidence

      The evidence you are to consider in deciding what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that are admitted into evidence; and (3) any facts to which all the lawyers have agreed.

      You have also heard testimony in the form of depositions. This testimony is also evidence from which you are to decide the facts. You should draw no inference from whether a witness testified via the ZoomGov.com platform or by pre-recorded deposition.

## Stipulated Facts

The parties have agreed, or stipulated, to the following facts. This means that you should treat these facts as having been proved. You should consider these facts in addition to those facts which were proved to you at trial.

The following facts are admitted by the parties:

(1)     Plaintiff Claude Brown is African-American.

(2)     Plaintiff was hired by the King County Department of Transportation in November 1997 as a part-time employee.

(3)     King County operates the King County Department of Transportation, which supplies employees to operate Link Light Rail trains throughout the county.

(4)     In April of 2000, Plaintiff became a full-time Transit Operator.

(5)     Plaintiff began working for the King County Department of Transportation Division Rail Section in February of 2009.

(6)     In October 2012, Plaintiff applied for a Rail Supervisor in Training position with the job number 2012-02634. Plaintiff was not selected to test or interview for the position.

(7)     Three candidates were selected for the October 2012 RSIT position, they were John Kwesele, Santiago Maciel, and Jeff Wachtel.

(8)     On March 24, 2013, plaintiff filed complaint number 13-03-04 with the King County Office of Civil Rights ("KCOCR") alleging racial discrimination by Defendant.

(9)     Plaintiff's March 24, 2013 KCOCR complaint constituted protected activity.

(10)     On May 15, 2013, King County posted a Job Bulletin for a Rail Technical Trainer position.  No one applied for the position.

(11)     On June 21, 2013 Amanda Nightingale, Assistant Superintendent of Organizational Development and Training, sought letters of interest from current Rail Line Instructors interested in an acting detail to cover the duties of the Rail Technical Trainer position.

(12)     On Friday, June 28, 2013, Tom Jones notified Plaintiff that he would be placed in the Acting Technical Trainer ("ATT") detail beginning July 2, 2013.

(13)     Plaintiff began his Acting Technical Trainer detail on July 2, 2013.

(14)     On July 10, 2013, Amanda Nightingale notified Plaintiff that his Acting Technical Trainer detail would end on Friday, July 12, 2012.

(15)     On Monday, July 15, 2013, Ms. Nightingale placed Kevin Gumke into the Acting Technical Trainer detail.

(16)     On April 18, 2014, Plaintiff applied for an RSIT position with the job number 2014IMM03875.

INSTRUCTION NO. 5 (page 3)


(17)    On May 19, 2014, Ivette Martinez-Morales notified Plaintiff that his application materials for job number 2014IMM03875 "were incomplete and/or did not include all required information."

COURT'S JURY INSTRUCTIONS

## INSTRUCTION NO. 6

## <u>What is Not Evidence</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements and closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

<u>Credibility of Witnesses</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     The opportunity and ability of the witness to see or hear or know the things testified to;

(2)     The witness's memory;

(3)     The witness's manner while testifying;

(4)     The witness's interest in the outcome of the case, if any;

(5)     The witness's bias or prejudice, if any;

(6)     Whether other evidence contradicted the witness's testimony;

(7)     The reasonableness of the witness's testimony in light of all the evidence; and

(8)     Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently. You may consider these

differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

Notes

Whether or not you took notes during the trial, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

INSTRUCTION NO. 10

<u>King County as Defendant</u>


      The fact that King County is a county should not affect your decision.  All parties are equal before the law, and a county is entitled to the same fair and conscientious consideration by you as any other party.  A county can act only through its employees, county commissioners, or by agents or officers acting under their authority or authority of law.

INSTRUCTION NO. 11

## Summary of Claims

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Claude Brown makes four claims, on which he bears the burden of proof by a preponderance of the evidence, as follows:

(1)     That Defendant discriminated against him on the basis of race in violation of state law;

(2)     That Defendant discriminated against him on the basis of race in violation of federal law;

(3)     That Defendant retaliated against him for engaging in a protected activity in violation of state law; and

(4)     That Defendant retaliated against him for engaging in a protected activity in violation of federal law.

Defendant King County denies Plaintiff's claims and the nature and extent of Plaintiff's claimed damages. Defendant denies that it considered Plaintiff's race or protected activity in making their decisions.

The foregoing is merely a summary of the claims and defenses of the parties. You are not to take the same as proof of the matter claimed unless admitted by the opposing

party, and you are to consider only those matters that are admitted or established by the evidence. These claims and defenses have been outlined solely to aid you in understanding the issues.

Plaintiff is asserting more than one claim, and each claim is entitled to your separate consideration. You must decide as to each claim whether plaintiff is entitled to recover. The fact that plaintiff is entitled to recover on one claim does not mean that plaintiff is entitled to recover on another claim. Similarly, the fact that plaintiff is not entitled to recover on one claim does not prevent him from recovering on another claim.

Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. 12

<u>First Claim</u>

<u>Discrimination (WLAD)</u>

Discrimination in employment on the basis of race is prohibited by the Washington Law Against Discrimination ("WLAD").  To establish Plaintiff's first claim for discrimination under the WLAD, Plaintiff Claude Brown has the burden of proving the following elements by a preponderance of the evidence:

(1)     That Defendant took an adverse employment action against Plaintiff; and

(2)     That Plaintiff's race was a substantial factor in Defendant's decision to engage in the adverse employment action.

A "substantial factor" means a significant motivating factor in bringing about the adverse employment action.  "Substantial factor" does not mean the only factor or the main factor in the challenged action.  "Substantial factor" also does not mean that Plaintiff's race was a but-for cause of any adverse employment action.

If you find from your consideration of all of the evidence that any of these elements have not been proved, your verdict should be for Defendant on Plaintiff's discrimination claim under WLAD.  On the other hand, if you find that all of these elements have been proved, your verdict should be for Plaintiff.

INSTRUCTION NO. 12A

Adverse Employment Action (Discrimination) – First Element of First Claim

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment. Plaintiff alleges that Defendant engaged in the following actions, and that such actions are adverse employment actions:

(1)     Removing Plaintiff from, or splitting, the Acting Technical Trainer position in July 2013; and/or

(2)     Denying Plaintiff's application for the Rail Supervisor in Training position in the May 2014 recruitment.

Your verdict must be unanimous. You must all agree on 1 or 2 or both to establish the first element of this claim.

1    INSTRUCTION NO. 13

2    Second Claim

3    Discrimination (§ 1981)

4

5        To establish his employment discrimination claim under federal law, namely 42

6    U.S.C. § 1981, Plaintiff has the burden of proving the following elements by a

7    preponderance of the evidence:

8        (1)    That Defendant took an adverse employment action against Plaintiff; and

9        (2)    That Plaintiff was subjected to the adverse employment action because of

10              his race.

11       A Plaintiff is subjected to an adverse employment action "because of" his race if

12   the adverse employment action would not have occurred but for his race.

13       If you find from your consideration of all of the evidence that either of these

14   elements have not been proved, your verdict should be for Defendant on Plaintiff's

15   discrimination claim under § 1981.  On the other hand, if you find that each of these

16   elements has been proved, then Plaintiff is entitled to your verdict.

17

18

19

20

21

22

23

1         INSTRUCTION NO. 13A

2   Adverse Employment Action (Discrimination) – First Element of Second Claim

3

4    An action is an adverse employment action if it materially affects the terms,

5 conditions, or privileges of employment.  Plaintiff alleges that Defendant engaged in the

6 following actions, and that such actions are adverse employment actions:

7    (1)  Denying Plaintiff's application for the Rail Supervisor in Training position

8       in the October 2012 recruitment;

9    (2)  Removing Plaintiff from, or splitting, the Acting Technical Trainer position

10      in July 2013; and/or

11    (3)  Denying Plaintiff's application for the Rail Supervisor in Training position

12      in the May 2014 recruitment.

13    Your verdict must be unanimous.  You must all agree on 1, 2, 3, or all to establish

14 the first element of this claim.

15

16

17

18

19

20

21

22

23

COURT'S JURY INSTRUCTIONS

# INSTRUCTION NO. 14

## Third Claim

## Retaliation (WLAD)

It is unlawful for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of race.

To establish a claim of unlawful retaliation by Defendant, Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

      (1)     That Plaintiff engaged in a protected activity;

      (2)     That Plaintiff was subjected to an adverse employment action; and

      (3)     That a substantial factor in the adverse employment action was Plaintiff's protected activity.

On March 24, 2013, Plaintiff filed a charge of racial discrimination against King County with the King County Office of Civil Rights ("KCOCR"). Plaintiff also filed a charge of retaliation against King County with the KCOCR on January 4, 2014 (Exhibit No. 60, misdated January 4, 2013). You are instructed that the filing of these complaints constituted protected activity and that the first element of this claim has been proved as a matter of law. The fact that Plaintiff's KCOCR complaints are protected activity is not proof that any complaint is true.

Plaintiff also alleges that he opposed what he reasonably believed to be discrimination on the basis of race through his informal complaints made in 2013 and 2014.  To the extent that you heard evidence relating to these informal complaints, the testimony was admitted for the limited purpose in connection with Plaintiff's third claim under state law for you to consider Defendant's motive or intent relating to Plaintiff's protected activities, namely the filing of the 2013 and 2014 KCOCR complaints.

With respect to the third element, Plaintiff does not have to prove that his opposition to what he reasonably believed to be discrimination was the only factor or the main factor in Defendant's adverse employment decision, nor does Plaintiff have to prove that Defendant would not have taken the adverse employment action but for his opposition.

If you find from your consideration of all of the evidence that any of these elements have not been proved, your verdict should be for Defendant on Plaintiff's retaliation claim under WLAD.  On the other hand, if you find that all of these elements have been proved, your verdict should be for Plaintiff.

# INSTRUCTION NO. 14A

## Adverse Employment Action (Retaliation) – Second Element of Third Claim

The term "adverse" means unfavorable or disadvantageous.  An employment action is adverse if it is harmful to the point that it would dissuade a reasonable employee from making a complaint of discrimination, harassment, or retaliation.  Whether a particular action is adverse is judged from the perspective of a reasonable person in the Plaintiff's position.

Plaintiff alleges that Defendant engaged in the following actions, and that such actions are adverse employment actions:

(1)     Removing Plaintiff from, or splitting, the Acting Technical Trainer position in July 2013; and/or

(2)     Denying Plaintiff's application for the Rail Supervisor in Training position in the May 2014 recruitment.

Your verdict must be unanimous.  You must all agree on 1 or 2 or both to establish the second element of this claim.

INSTRUCTION NO. 15

<u>Fourth Claim</u>

<u>Retaliation (§ 1981)</u>

To establish a claim of unlawful retaliation by Defendant under federal law, namely 42 U.S.C. § 1981, Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

(1)     That Plaintiff engaged in a protected activity;

(2)     That Plaintiff was subjected to an adverse employment action; and

(3)     That Plaintiff was subjected to the adverse employment action because of his participation in a protected activity.

To prove that he engaged in a "protected activity," Plaintiff must show that he opposed a discriminatory act by Defendant.  Informal as well as formal complaints or demands are protected activities under federal law.

Plaintiff alleges that he opposed what he reasonably believed to be discrimination on the basis of race by making informal complaints beginning in December 2011.  To the extent that Plaintiff made any informal complaints, Defendant denies that such informal complaints constituted protected activity.  It is for you to decide whether Plaintiff made any informal complaints, and if so, whether such informal complaints constituted protected activity.

On March 24, 2013, Plaintiff filed a charge of racial discrimination against King County with the King County Office of Civil Rights ("KCOCR"). Plaintiff also filed a charge of retaliation against King County with the KCOCR on January 4, 2014 (Exhibit No. 60, misdated January 4, 2013). You are instructed that the filing of these formal complaints constituted protected activity. The fact that Plaintiff's KCOCR complaints are protected activity is not proof that any complaint is true.

With respect to the third element, a plaintiff is subjected to an adverse employment action "because of" his participation in a protected activity if the adverse employment action would not have occurred but for that participation.

If you find from your consideration of all of the evidence that any of these elements have not been proved, your verdict should be for Defendant on Plaintiff's retaliation claim under § 1981. On the other hand, if you find that all of these elements have been proved, your verdict should be for Plaintiff.

INSTRUCTION NO. 15A

Adverse Employment Action (Retaliation) – Second Element of Fourth Claim


The term "adverse" means unfavorable or disadvantageous. An employment action is adverse if it is harmful to the point that it would dissuade a reasonable employee from making a complaint of discrimination, harassment, or retaliation. Whether a particular action is adverse is judged from the perspective of a reasonable person in the Plaintiff's position.

Plaintiff alleges that Defendant engaged in the following actions, and that such actions are adverse employment actions:

(1)     Denying Plaintiff's application for the Rail Supervisor in Training position in the October 2012 recruitment;

(2)     Removing Plaintiff from, or splitting, the Acting Technical Trainer position in July 2013; and/or

(3)     Denying Plaintiff's application for the Rail Supervisor in Training position in the May 2014 recruitment.

Your verdict must be unanimous. You must all agree on 1, 2, 3 or all to establish the second element of this claim.

# INSTRUCTION NO. 16

## Measure of Damages

It is the duty of the Court to instruct you as to the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for Plaintiff, you must determine the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by Defendant. You should consider the following:

(1)     The reasonable value of earnings and fringe benefits lost from the date of the wrongful conduct to the present date. This is called "back pay." With regard to any adverse employment action other than discharge, the only component of "back pay" that you may award, if any, is the reasonable value of fringe benefits lost from the date of the wrongful conduct to the present date.

(2)     The reasonable value of earnings and fringe benefits that, with reasonable probability, will be lost in the future. This is called "front pay."

(3)     The emotional harm caused by the wrongful conduct, including emotional distress, pain and suffering, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish experienced and, with reasonable probability, to be experienced in the future. This is called "emotional harm."

Plaintiff bears the burden of proving damages by a preponderance of the evidence. It is for you to determine, based upon the evidence, what damages, if any, have been

proved.  Your award of damages must be based upon evidence and not upon speculation, guess, or conjecture.

The law has not furnished us with any fixed standards by which to measure emotional distress, pain and suffering, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish.  With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

INSTRUCTION NO. 16A

<u>Nominal Damages</u>

If you find for Plaintiff on any one of his claims, but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.

If you find for Plaintiff on either one of his federal claims (the second or fourth claims), nominal damages may not exceed one dollar.

If you find for Plaintiff on either one of his state law claims (the first or third claims), state law has not furnished us with any fixed standards by which to measure nominal damages. With regard to these state law claims, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

INSTRUCTION NO. 16B

Limit on Recoverable Damages

The law requires a Plaintiff to bring a claim within a certain time limit. I will now instruct you concerning the effect of this time limit.

As to Plaintiff's first claim for discrimination based on race and his third claim for retaliation, both brought under WLAD, Defendant can only be held liable on these claims for conduct that occurred on or after May 26, 2013.

As to Plaintiff's second claim for discrimination based on race and his fourth claim for retaliation, both brought under § 1981, Defendant can only be held liable on these claims for conduct that occurred on or after July 25, 2012.

To the extent that you heard evidence on events occurring before these dates, it was admitted for the limited purpose to consider Defendant's employees' motive or intent relating to their conduct occurring during the permitted time period.

You may only award damages on any claim for conduct that occurred on or after May 26, 2013, for the state law claims, and on or after July 25, 2012, for the federal § 1981 claims.

INSTRUCTION NO. 17

Reasonable Cause

      You have received evidence that the King County Office of Civil Rights and Open Government, or "KCOCR," issued a reasonable cause determination to Plaintiff for his 2014 KCOCR complaint. The KCOCR is a county agency responsible for investigating complaints of violations of the King County Fair Employment Practices Ordinance. In this case, KCOCR's investigation resulted in the reasonable cause determination that was introduced into evidence. A reasonable cause determination from the KCOCR is not a determination that an employer has violated the Washington Law Against Discrimination or §1981. Instead, it is a preliminary conclusion that there is reason to believe that a violation of the ordinance might have taken place. You may consider the KCOCR's determination as you weigh all of the evidence in this case, but the decision as to whether Defendant violated the law is yours alone.

INSTRUCTION NO. 18

<u>Deliberation</u>

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court. It is the presiding juror's duty to see that discussion is carried on in a sensible and orderly fashion, the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury. Deliberations are to occur only in the virtual jury room and only when all jurors are present.

You will be furnished with all of the exhibits admitted into evidence, these instructions, and a suitable form of verdict. Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.

INSTRUCTION NO. 18A

<u>Evidence in Electronic Format</u>

Exhibits admitted into evidence that are capable of being displayed electronically will be available to you via the "Box.com" platform, and you will be able to view them while in the virtual jury room.

Court staff will show you how to use the "Box.com" platform and how to locate and view the exhibits on your device. If you have questions about how to operate the "Box.com" platform, you may use the "Ask for Help" button to invite court staff into the virtual jury room. After court staff has joined, you may use the "Chat" function of ZoomGov.com to pose your questions. Do not refer to or discuss any exhibit that you were attempting to view.

If a technical problem arises, a court technician may also enter the virtual jury room. When a court technician, other court staff, or any nonjuror is in the virtual jury room, the jury shall not deliberate. You may describe the technical problem or seek information about the operation of the equipment involved, but do not discuss any specific exhibit or any aspect of the case when a nonjuror is in the virtual jury room.

While you are deliberating, you may not use your electronic devices for any purpose other than discussing the case with the other jurors via the ZoomGov.com platform, viewing the exhibits on the "Box.com" platform, reviewing or referring to these jury instructions, and/or downloading, completing, and returning the verdict form. For

example, you may not access or interact with any website (other than ZoomGov.com and Box.com), database, directory, dictionary, media player, electronic mail service, or game during your deliberations.  In addition, you may not download or copy, via screen shot or snipping tool, photography, or otherwise, any of the exhibits available via the "Box.com" platform or otherwise provided to you.

INSTRUCTION NO. 19

<u>Reaching Agreement</u>

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 20

<u>Communication with Court</u>

If it becomes necessary during your deliberations to communicate with me, you may click the "Ask for Help" button in the virtual jury room and, when the clerk joins the virtual jury room, the presiding juror or one or more other members of the jury may send a chat message to the clerk.  No member of the jury should ever attempt to communicate with me except in this manner.  I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in the open virtual court. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If you send a chat message to me through the clerk, there will be some delay in my response because I will discuss the chat message with the lawyers before preparing a response.

INSTRUCTION NO. 21

<u>Verdict</u>

After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form in a manner that expresses the results of your deliberations, date the verdict form, enter his or her name in the space provided, and announce your agreement to the clerk by pressing the "Ask for Help" button. After the clerk joins the virtual jury room, the presiding juror should email the completed verdict form to the clerk, who will then arrange for you to be brought into the virtual courtroom to declare your verdict. In the virtual courtroom, I will poll the jurors to determine whether the verdict is each juror's individual verdict and the unanimous verdict of the jury and, if satisfied, I will sign the verdict form on behalf of the jury.